FILED BY ☰ D.C.

05 JUL 12 PM 5: 38

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN. MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JANICE L. SHIRLEY,              )
                                )
    Plaintiff,                  )
                                )
v.                              )     No. 04-2555 Ma/An
                                )
UNITED STATES DEPARTMENT OF     )
TRANSPORTATION,                 )
                                )
    Defendant.                  )

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING
PLAINTIFF'S SUIT**

---

    Before the court is defendant United States'[1] January 4, 2005, motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff Janice L. Shirley ("Shirley") filed a response on July 1, 2005. For the following reasons, the court GRANTS Defendant's motion to dismiss and DISMISSES Plaintiff's suit.

**I. Background**

    This case arises from injuries Shirley sustained in a car accident. (Compl. at ¶ 14.) The following material facts are taken from the Complaint. On April 11, 2002, Austin D. Martin ("Martin") was driving a tractor-trailer north on Interstate-55 in Shelby County, Tennessee. (Id. at ¶ 9.) Martin approached an overpass

---

[1] The United States argues that the proper defendant in this suit is the United States, not the Department of Transportation. (Def.'s Mem. in Supp. at 5.)

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-14-05

marked by a United States Department of Transportation sign indicating that the clearance was 13 feet. (Id. at ¶ 14.) Because Martin's tractor-trailer was 13 feet 6 inches tall, he stopped on the highway to avoid hitting the overpass. (Id. at ¶ 12.) Shirley, who was driving her 1994 Toyota 4 Runner behind Martin, ran into Martin's tractor-trailer and sustained serious injuries. (Id. at ¶¶ 9, 16.) The overpass was in fact more than 13 feet high, and Martin was later able to drive his tractor-trailer under the overpass. (Id. at ¶ 14.)

Shirley sued Martin and his employer, V.O. Trucking, Inc. ("V.O. Trucking"), in the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis on March 14, 2003. (Id. at ¶ 1.) In their Amended Answer to Shirley's Complaint, Martin and V.O. Trucking alleged that the United States Department of Transportation was responsible for the collision because the overpass height had not been marked correctly. (Id. at ¶ 3.) Upon learning that the Department of Transportation's negligence might have been a proximate cause of her injuries, Shirley filed suit against the Department of Transportation in Federal Court.

## II.   Jurisdiction

"Where subject matter jurisdiction is challenged under [Fed. R. Civ. P.] (12)(b)(1), ... the plaintiff has the burden of proving jurisdiction in order to survive the motion." Rogers v. Stratton Indus., 798 F.2d 913, 915 (6th Cir. 1986). In the context of a Rule

2

12(b)(1) motion, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). Thus, a Rule 12(b)(1) motion to dismiss will be granted only if, taking as true all facts alleged by the Plaintiff, the court is without subject matter jurisdiction.

Because Shirley's claim is for a tort allegedly committed by officers of the federal government within the scope of their employment, the only basis for federal subject matter jurisdiction is the Federal Tort Claims Act, 28 U.S.C. §§ 1246(b), 2671 et seq. ("FTCA"), which waives the United States' immunity from suit under certain circumstances.[2]

The FTCA provides that an "action shall not be instituted upon a claim against the United States for money damages" unless the plaintiff first exhausts the required administrative remedies. McNeil v. United States, 508 U.S. 106, 112 (1993) (quoting 28 U.S.C. § 2675(a)). Courts applying this provision have found that it unambiguously bars the institution of an action under the FTCA before the exhaustion of administrative remedies. Id.; Schaffer ex rel. Schaffer v. A.O. Smith Corp., No. 91-07367, 1994 WL 520853, at *3 (6th Cir. Sept. 21, 1994) ("[E]xhaustion is a necessary prerequisite to the invocation of federal jurisdiction that is

---

[2] Shirley's Complaint does not state the statutory basis for her complaint or for federal jurisdiction.

intended to reduce the number of suits that ever actually proceed to the federal courts.") To establish the court's jurisdiction under the FTCA, a plaintiff must allege in her complaint that she has filed an administrative claim. See Joelson v. United States, 86 F.3d 1413, 1422 (6th Cir. 1996) (affirming district court dismissal of FTCA complaint, because plaintiff failed to allege that he exhausted administrative remedies).

Shirley acknowledges that she has not exhausted administrative remedies as required by 28 U.S.C. § 2675(a). (Pl.'s Resp. at 2.) Because a plaintiff cannot bring an action under the FTCA before such exhaustion, the court does not have subject matter jurisdiction. Shirley, however, argues that her suit should not be dismissed because she recognized the government's potential liability for her injuries only when V.O. Trucking and Martin filed their Amended Answer in the state court case, after the two-year statue of limitations on her negligence action had run. (Pl.'s Resp. at 2.) In support of her argument, Shirley cites Tenn. Code Ann. § 20-1-119(a)(2) which states:

> [I]f a defendant named in an original [or amended]
> complaint ... alleges in an answer or amended answer to
> the original or amended complaint that a person not a
> party to the suit caused or contributed to the injury or
> damage for which the plaintiff seeks recovery, and if the
> plaintiff's cause or causes of action against such person
> would be barred by any applicable statute of limitations
> but for the operation of this section, the plaintiff may
> ... [i]nstitute a separate action against that person by
> filing a summons and complaint.

Shirley's argument does not address her failure to exhaust the administrative remedies requirement of the FTCA before bringing her

4

claim against the government. It is clear from the plain language of Tenn. Code Ann. § 20-1-119(a)(2) that it does not address the ability of a plaintiff to sue the Federal Government when the plaintiff has not complied with the procedural requirements of the FTCA. Tenn. Code Ann. § 20-1-119(a)(2) simply permits a plaintiff, under certain circumstances, to sue a defendant after the applicable statute of limitations has expired.

The court is not free to ignore the procedural requirements of the FTCA on equitable grounds. Courts must strictly construe all waivers of sovereign immunity and resolve all ambiguities in favor of the sovereign. See United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992). Shirley has not complied with the procedural requirements of the FTCA. Consequently, the court GRANTS the government's 12(b)(1) motion to dismiss.

## III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's suit is DISMISSED.

So ORDERED this 11th day of July 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# **Notice of Distribution**

This notice confirms a copy of the document docketed as number 16 in case 2:04-CV-02555 was distributed by fax, mail, or direct printing on July 14, 2005 to the parties listed.

---

Harriett M. Halmon
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

S. Newton Anderson
SPICER FLYNN & RUDSTROM
80 Monroe Ave.
Ste. 500
Memphis, TN 38103--246

Honorable Samuel Mays
US DISTRICT COURT